## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

-----------------------------------------------------X
                           )

SECURITIES AND EXCHANGE,      )
COMMISSION,                    )
                  Plaintiff,    )
                          )       Civil Action No. 1:22-cv-10889
v.                       )
                          )
TRENDS INVESTMENTS INC.,      )
BRANDON ROSSETTI, CLINTON    )
GREYLING, LESLIE GREYLING,    )
ROGER BENDELAC, and THOMAS   )
CAPELLINI,                  )
                  Defendants.  )
                          )
-----------------------------------------------------X

## MEMORANDUM IN SUPPORT OF DEFENDANT
## THOMAS CAPELLINI'S MOTION TO DISMISS THE COMPLAINT

Steven N Fuller, Esq.
Mass. BBO #550224
Litigation and Compliance
Associates, LLC
2435 Presidential Way, Unit G
West Palm Beach, FL 33401
(617) 620-4732
Steven.Fuller@litcom1.com

Thomas J. McCabe, Esq.
Pro Hac Vice Motion Pending
Warren Law Group
14 Penn Plaza, 9th Floor
New York, NY 10122
(917) 597-8221
tmccabe@warren.law

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................ ii

I.      PRELIMINARY STATEMENT ............................................................................ 1

II.     SUMMARY OF THE SEC'S COMPLAINT ....................................................... 2

III.    WHAT THE SEC FAILS TO ALLEGE REQUIRES DISMISSAL PER RULE 9(b). ...... 3

IV.     LEGAL STANDARD ............................................................................................ 5

   A.  General Pleading Standards for Motion to Dismiss ......................................... 5

   B.  Claims Brought Under Section 10(b), SEC Rule 10b-5, 9(a)(2) and 17(a)(1) Are Subject
       to Heightened Pleading Requirements Under Rule 9(b) ................................... 7

V.      THE AIDING AND ABETTING CLAIM AGAINST CAPELLINI FAILS ...................... 9

   A.  The Complaint Fails to allege that Capellini had actual Knowledge of Any Fraudulent
       Conduct. ......................................................................................................... 10

   B.  The SEC's Allegations of Recklessness Are Legally Deficient ....................... 14

   C.  The SEC Fails to Sufficiently Plead Knowing and Substantial Assistance by Capellini . 15

VI.     THE COMPLAINT AGAINST CAPELLINI SHOULD BE DISMISSED FOR
        IMPROPER VENUE UNDER RULE 12(b)(3) ................................................... 17

   A.  Legal Standard ............................................................................................... 17

   B.  Venue in the District Court of Massachusetts is Improper for Capellini .......... 19

VII.    CONCLUSION .................................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*ACA Fin. Guar. Corp. v. Advest, Inc.*,
    512 F. 3d 46, 58 (1st Cir. 2008)..........................................................................14

*Armstrong v. McAlpin*,
    699 F.2d 79, 92-93 (2d Cir. 1983) ...................................................................8

*Ashcroft v. Iqbal*,
    556 U.S. 662, 678 (2009)..................................................................................6

*Balistreri v. Pacifica Police Dep't*,
    901 F.2d 696, 699 (9th Cir. 1990) ...................................................................6

*Bell Atl. Corp v. Twombly*,
    555 U.S. 544, 547 (2007)..................................................................................6

*Biro v. Conde Nast*,
    963 F.Supp. 2d 155, 278 (S.D.N.Y. 2013) .......................................................8

*Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.,*
    511 U.S. 164, 114 S. Ct. 1439, 128 L. Ed. 2d 119 (1994) ................................9

*Chambers v. Time Warner, Inc.,*
    282 F.3d 147, 153 (2d Cir. 2002)......................................................................6

*Citizens for a Better Environment-California v. Union Oil Co. of California,*
    861 F. Supp. 889, 898 (N.D. Cal. 1994) ..........................................................20

*Cleary v. Perfectune,*
    700 F.2d 774 (1st Cir. 1983)..................................................................9,11,12

*Coates v. SEC,*
    394 U.S. 976, 89 S. Ct. 1454, 22 L. Ed. 2d 756 (1969)...................................12

*Cohen v. Stevanovich,*
    722 F. Supp. 2d 416 (S.D.N.Y. 2010).........................................................7,14

*Cromer Fin. Ltd. v. Berger,*
    137 F. Supp. 2d 452, 470 (S.D.N.Y. 2001)....................................................15

*Edwards & Hanly v. Wells Fargo Securities Clearance Corp.,*
    602 F.2d 478, 484 (2d Cir. 1979)....................................................................12

*Ernst & Ernst v. Hochfelder,*
    425 U.S., 185 at 193 n. 12, 96 S. Ct. 1375........................................................8

*Flannery v. SEC,*
    810 F. 3d 1, 9 (1st Cir. 2015)...........................................................................14

*Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt.*,
    479 F. Supp. 2d 349, 367 (S.D.N.Y. 2007)................................................................11

*Gonzales v. Lloyds TSB Bank, PLC*,
    532 F. Supp 2d 1200, 1207 (C.D. Cal. 2006) .............................................................8

*Guidry v. Bank of LaPlace*,
    954 F.32d 278, 281 (5th Cir. 1992) .........................................................................6

*Hamsen v. Smith*,
    693 F.2d 932, 943 (9th Cir. 1982) .........................................................................10

*Howard v. SEC*,
    376 F.3d 1136, 1142 (D.C. Cir. 2004) .....................................................................17

*IIT v. Comfeld*,
    619 F.2d 909, 922 (2d Cir. 1980).......................................................................10,12

*In re Agape Litig.*,
    773 F. Supp. 2d 298, 308 (E.D.N.Y. 2011) .............................................................11

*In re GlenFed, Inc., Sec. Litig.*,
    42 F.3d 1541, 1545 (9th Cir. 1994) .........................................................................7

*In re Scholastic Corp. Sec. Litig.*,
    252 F. 3d 63, 76 (2d. Cir. 2001)...............................................................................14

*Iowa Pub. Emp's Ret. Sys. V. Deloitte Touche LLP*,
    No. 12 Civ. 2136, 2013 WL 245805, at * 19 (S.D.N.Y., Jan. 23, 2013) ....................11

*Landy v. Federal Deposit Insurance Corp.*,
    486 F. 2d 139 (3d Cir. 1973).....................................................................................10

*Lerner v. Fleet Bank, N.A.*,
    459 F.3d 273 at 292 (2d Cir. 2006) .......................................................................8,11

*M.K.C. Equip Co., Inc. v. M.A.I.L. Code, Inc.*
    843 F. Supp. 679, 682-83 (D. Kan. 1994)................................................................18

*Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc.*
    434 F. Supp. 2d 1051, 1057-58 (D. Kan. 2006).......................................................17

*Novak v. Kasaks*,
    216 F. 3d 300, 308 (2d Cir. 2000).............................................................................14

*Piedmont Label Co. v. Sun Garden Packing Co.*,
    598 F. 2d 491, 496 (9th Cir. 1979) .........................................................................18

*Pierce v. Shorty Small's of Branson Inc.*,
    137 F.3d 1190, 1191 (10th Cir. 1998) .....................................................................19

*Ponce v. SEC,*
    345 F.3d 722, 737 (9th Cir. 2003) .................................................................10

*Rosner v. Bank of China,*
    No. 06 Civ. 13562, 2008 WL 5416380 at *5 (S.D.N.Y. 2008) ........................15

*SEC v. Apuzzo*,
    689 F.3d 204, 206 (2d Cir. 2012)....................................................................15

*SEC v. Autocorp Equities, Inc.,*
    292 F. Supp. 2d 1310, 1332 (D. Utah, 2003)..................................................10

*SEC v. Baxter,*
    No. C-05-03843 RMW, 2007 WL 2013958, at*8 (N.D. Cal. 2007) .............7,16

*SEC v. Berry,*
    580 F. Supp. 2d 911, 924 (N.D. Cal. 2008) .....................................................8

*SEC v. Cedric Kushner Promotions, Inc.,*
    417 F. Supp. 2d 326 (S.D.N.Y. 2006).........................................................12,13

*SEC v. Coffey*,
    493 F.2d 1304, 1316 (6th Cir. 1974), cert. denied, 420 U.S. 908 (1975) ....................10,12

*SEC v. Espuelas*,
    579 F. Supp. 2d 461, 484 (S.D.N.Y. 2008)....................................................10

*SEC v. Espuelas*,
    905 F. Supp. 2d 507, 525 (S.D.N.Y. 2012).....................................................15

*SEC v. Fehn*,
    97 F.3d 1276 at 1286 (9th Cir. 1996)................................................................9

*SEC v. Fraser*,
    No. CV-09-00443-PHX-GMS, 2010 WL 5776401, at *3 (D. Ariz. 2010) .......7

*SEC v. KPMG,*
    03 Civ. 671 (DLC) (S.D.N.Y. Apr. 9, 2003) .............................................12,13

*SEC v. Lucent Technologies, Inc.,*
    610 F. Supp. 2d 342 (D.N.J. 2009) ................................................................12

*SEC v. Lybrand*,
    200 F. Supp. 2d 384, 399 (S.D.N.Y. 2002) ......................................................9

*SEC v. Nacchio*,
    438 F. Supp. 1266, 1285 (D. Colo. 2006).................................................10,16

*SEC v. Peretz*,
    317 F.2d 58 (D. Mass. 2004) .......................................................................9,17

*SEC v. Power*,
    525 F. Supp. 2d 415, 424 (S.D.N.Y. 2007)........................................................................7

*SEC v. Ripple Labs*,
    20 Civ. 10832 (AT) (SN) (S.D.N.Y. 2022) ....................................................................8

*SEC v. Texas Gulf Sulphur Co.*,
    401 F.2d 833, 848-49 (2d Cir. 1968) ...........................................................................12

*SEC v. Treadway*,
    430 F. Supp. 2d 293, 339 (S.D.N.Y. 2006)...................................................................16

*SEC v. Washington County Utility District*,
    676 F.2d 218, 226 (6th Cir. 1982). ...............................................................................12

*SEC v. Zwick*,
    No. 03 Civ. 2742, 2007 WL 831812 at*16 (S.D.N.Y. 2007) .......................................15

*Strong v. France*,
    474 F.2d 747, 752 (9th Cir. 1973) .................................................................................12

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308, 319, 127 S. Ct. 2499, 168 L. Ed. 179 (2007) .........................................7,8

*Thomas v. Potter*,
    Case No. 1:06cv377 (E.D. Va. Oct. 3, 2006).................................................................18

*Trust Co. of La. v. N.N.P. Inc.*,
    104 F.3d 1478, 1490 (5th Cir. 1997). .............................................................................14

*Tuchman v. DSC Commc'ns*,
    14 F.3d 1061, 1068. (5th Cir. 1994) ...............................................................................8

*U.S. ex rel. Lee v. SmithKline Beechum, Inc*.
    245 F.3d 1048, 1051-52 (9th Cir. 2001) .........................................................................7

*Vess v. Ciba-Geigy Corp., USA*,
    317 F.3d 1097, 1107 (9th Cir. 2003) .............................................................................5,7

*Woodward v. Metro Bank of Dallas*,
    522 F.2d 84, 94-97 (5th Cir. 1975) ...............................................................10,11,12,16

*Wright v. Schock*,
    571 F. Supp. 642, 663 (N.D. Cal. 1983) .......................................................................16

**Statutes**

Federal Rules of Civil Procedure 12(b)(3)......................................................................1,17

Federal Rules of Civil Procedure 12(b)(6)......................................................................1,5,6

Private Securities Litigation Reform Act of 1995, Section 104 ..........................................9

Securities Act 22(a)............................................................................................................3,17

Securities and Exchange Act Rule 9(b) ................................................................................7,8,11

Securities and Exchange Act Rule 10(b) ............................................................................ 3,7-10,13

Securities and Exchange Act Rule 17(a) ..............................................................................3,7,8,10

Securities and Exchange Act Rule 27.................................................................................3,17,18

28 U.S.C. Section 1406(a) ....................................................................................................18,19

**Treatises**

Allan Harwich, *The Neglected Relationship of Materiality and Recklessness in Actions under Rule 10b-5*, 55 Bus. Law. 1023, 1024 & n. 10 (2000)...................................................................14

Ruder, *Multiple Defendants in Securities Law Fraud Cases: Aiding and Abetting, Conspiracy, In Pari Delicto, Indemnification, and Contribution*, 120 U.Pa. L.Rev. 597, 627-38 (1972)........10,12

Pursuant to Federal Rules of Civil Procedure, ("FRCP"), 12(b)(6) and 12(b)(3), and FRCP 9(b), Defendant Thomas Capellini ("Capellini" or "Defendant") seeks dismissal of the SEC Complaint. The Complaint's generalized allegations of wrongdoing are insufficient. When alleging securities fraud, the SEC must allege with particularity the who, what, where and when of the alleged misconduct to comply with Federal Rule of Civil Procedure 9(b) when pleading securities fraud. Alternatively, the allegations pertaining to Capellini are insufficient to sustain venue in this District. Accordingly, Capellini should be dismissed from this Action.

## I.      PRELIMINARY STATEMENT

This is an enforcement action filed by the Securities and Exchange Commission ("SEC") arising out of an alleged scheme by defendants Trends Investments, Inc. ("Trends"), Brandon Rossetti ("Rossetti"), Clinton Greyling and Leslie Greyling (collectively "the Greylings") to defraud investors in connection with private offerings of two publicly traded companies. Defendant Roger Bendelac ("RB") is accused of aiding and abetting Trends, Rossetti and the Greylings in their alleged scheme to defraud by effecting manipulative transactions in the securities of one of the companies and with violating federal securities laws as a primary violator.

Despite failing to allege with specificity that Capellini had any knowledge of the private offerings or the alleged scheme to defraud investors, or that Capellini knew or was reckless in not knowing RB was allegedly making manipulative trades to further this scheme, the SEC claims Capellini aided and abetted RB's alleged securities law violations because: i) he provided RB with access to his brokerage account in which RB entered trade orders, and; and ii) trades were settled using funds owned by Capellini.

Capellini is a resident of New York City. He conducts no business in Massachusetts, He is not alleged to have had contact with the District of Massachusetts in connection with the purported

1

fraudulent scheme. With indifference to the law of venue, the SEC erroneously alleges generally that venue is proper in the District of Massachusetts even as to Capellini. As argued below, generalized allegations of fraud are insufficient under Rule 9(b), and with respect to at least Capellini, the allegations provide no basis for venue.

For the reasons set forth herein, Capellini respectfully submits that the Complaint fails to state a claim against him upon which relief can be granted, and that venue in the District Court of Massachusetts is improper for Capellini. Accordingly, it is respectfully submitted that the Complaint against Capellini be dismissed.

## II.    SUMMARY OF THE SEC'S COMPLAINT

In its Complaint, the SEC alleges that Defendants Trends, Rossetti, Clinton Greyling, and Leslie Greyling engaged in a scheme to defraud investors in private offerings of two publicly traded companies: Alterola Biotech Inc. ("Alterola"); and Token Communities Ltd. ("Token"). (Compl. Par. 1-3). The SEC alleges Defendant RB and Clinton Greyling coordinated trading in using multiple brokerage accounts, to create the false appearance of active trading in Token stock, with the intention of inflating the stock price. It is further alleged without specificity that RB placed these manipulative trades to induce the purchase of Token stock (i) by private investors to whom defendant Trends was offering stock; and (ii) by other investors in the public marketplace. (Compl. Par. 4).

As to Capellini, the SEC alleges aiding and abetting violations without even a modicum of detail other than that some trades placed by RB were entered in Capellini's brokerage account and settled using capital belonging to Capellini. Substantively, the only allegations pertaining to Capellini's substantial assistance to RB's alleged scheme are limited to: (i) giving RB access to

his brokerage account; and (ii) funding the brokerage account, while RB was selling Token stock through the brokerage account of another entity controlled by RB. (Compl. Par. 5).

Without alleging the who, what, where and when of RB's conduct, the Complaint alleges RB violated Sections 17(a)(1) and 17(a)(3) of the Securities Act and Section 9(a)(2), Section 10(b) of the Securities Exchange Act and Rule 10b-5 thereunder. The SEC also alleges without sufficient particularity as required by FRCP 9(b), that RB's trading constitutes aiding and abetting the securities violations of Trends, Rossetti and the Greylings. (Compl. Par. 9).

Without regard to the requirements of Rule 9(b), the SEC alleges, without any of the particularity required by Rule 9(b), that RB's trading in Capellini's brokerage account using Capellini's capital constitutes, without more, aiding, and abetting   RB's alleged securities law violations. (Compl. Par. 10).

The SEC alleges that venue lies in this Court pursuant to Section 22(a) of the Securities Act and Section 27 of the Securities Exchange Act on the grounds that certain of the acts, practices, transactions and courses of business alleged in the Complaint occurred within the District of Massachusetts: e.g., Trends solicited and received investments from two Massachusetts investors and Rossetti resided in Massachusetts when he offered and sold stock on behalf of Trends. (Compl. Par. 13). The SEC fails to specify how those facts give rise to venue over Capellini. Since they do not, venue is not proper as to Capellini and the claims against Capellini must be dismissed.

## III.    WHAT THE SEC FAILS TO ALLEGE REQUIRES DISMISSAL PER RULE 9(b).

The SEC fails to allege Capellini had knowledge of the alleged scheme by defendants Trends, Rossetti, and the Greylings to defraud investors or that Capellini knew or was reckless in not knowing those defendants were engaged in unlawful conduct elsewhere related to either Alterola or Token.

The SEC fails to allege, let alone allege with specificity, Capellini knew that defendants Trends, Rossetti or the Greylings were offering to sell and/or selling shares they owned to Alterola or Token to private investors.

The SEC does not allege any facts from which one can reasonably infer that Capellini knew RB was allegedly aiding and abetting Trends, Rossetti, and Greylings separate fraudulent scheme/ Absent particularized allegations setting forth the who, what, where, when and why of Capellini allowed RB to enter trades paid for using Capellini's capital, should have put him on notice of potentially unlawful activities. The SEC does not allege, because it cannot prove, Capellini allowed RB to trade in his account after learning that he may be engaged in a fraudulent trading scheme elsewhere. Absent such a critical allegation, one cannot reasonably conclude that Capellini's conduct, as alleged, demonstrates an intent to defraud or reckless indifference. Therefore, the claims against Capellini must be dismissed.

The SEC does not allege that Capellini aided and abetted any alleged manipulative trading in Alterola stock.

The SEC does not allege that Capellini knew that RB was allegedly making trades in Capellini's account for manipulative purposes: i.e., to create a false appearance of active trading for the purpose of inducing either private or public investors to purchase shares of Token.

The SEC does not allege that Capellini knew that RB was allegedly purchasing shares of Token stock for Capellini's account while RB was allegedly coordinating trades with Clinton Greyling, or that RB allegedly sold shares of Token from his Aleutian account or the account of another relative while he was purchasing shares for Capellini.

The SEC's conclusory allegations relating to the source of capital used to fund RB's trading being Capellini and Capellini's company, without alleging the who, what, where, when and why

of the fraud and Capellini's knowledge thereof, amounts to nothing more than rank speculation that the Court should reject in dismissing the Complaint as to Capellini.

The SEC does not allege that Capellini knew that trades RB made in Capellini's account allegedly constituted a significant percentage of overall trading volume in Token stock or that such trading had a material effect on the price of Token stock nor does the SEC allege that Capellini had a duty to know such information. To the contrary, the SEC alleges, without any particularity, only those transactions effected on behalf of Capellini constituted a significant percentage of trading volume and influenced the price of Token stock. The substance of the SEC's complaint regarding Capellini can be summarized as follows:

1. Beginning sometime in 2017, long before any of the referenced Token stock trades were made, Capellini gave his brother-in-law, a very experienced securities professional and former CEO of a broker-dealer, access to his brokerage account and authorization to make securities investments and trades on his behalf.

2. One of the stocks that Capellini's brother-in-law purchased for Capellini was Token.

3. Capellini paid for the Token stock purchases in his brokerage account as he was contractually obligated to do. When customers buy stock, they are required to pay for their purchases.

4. Businesses owned by Capellini received funds from businesses owned by RB.

## IV.    LEGAL STANDARD

### A. General Pleading Standards for Motion to Dismiss

A motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) is granted when the plaintiff fails to state a claim upon which relief can be granted, including where plaintiff fails to allege sufficient facts to support a cognizable legal theory. *Vess v. Ciba-Geigy Corp., USA*, 317

F.3d 1097, 1107 (9th Cir. 2003); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When reviewing a complaint, the court must take all well-pleaded factual allegations as true. *Bell Atl. Corp v. Twombly*, 555 U.S. 544, 547 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (citations and internal quotations omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678. A plaintiff must plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.32d 278, 281 (5th Cir. 1992).

On a Rule 12(b) motion, the court may consider only the Complaint, documents attached to the Complaint, matters of which a court can take judicial notice, and documents that plaintiff knew about and relied upon when drafting the complaint. See *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002).

**B. Claims Brought Under Section 10(b), SEC Rule 10b-5, 9(a)(2) and 17(a)(1) Are Subject to Heightened Pleading Requirements Under Rule 9(b).**

When, as here, a party alleges fraud, that party must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b); *Vess v. Ciba Geigy Corp., USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). Where claims sound in fraud, including those in Section 10(b), Rule 10b-5 and Section 17(a), the Rule 9(b) standard applies. *SEC v. Baxter,* No. C-05-03843 RMW, 2007 WL 2013958, at*8 (N.D. Cal. 2007); see also *In re GlenFed, Inc., Sec. Litig.*, 42 F.3d 1541, 1545 (9th Cir. 1994) (stating that the court has repeatedly recognized, implicitly or explicitly, that Rule 9(b) applies to actions brought under the federal securities laws*); U.S. SEC v. Power*, 525 F. Supp. 2d 415, 424 (S.D.N.Y. 2007); *SEC v. Fraser*, No. CV-09-00443-PHX-GMS, 2010 WL 5776401, at *3 (D. Ariz. 2010) ("Securities fraud actions are also subject to the heightened pleading standard of [FRCP] 9(b), which requires a plaintiff to state with particularity the circumstances constituting the fraud") (internal quotations omitted).

To comply with Rule 9(b), allegations of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *U.S. ex rel. Lee v. SmithKline Beechum, Inc*. 245 F.3d 1048, 1051-52 (9th Cir. 2001) (internal quotations omitted). "To plead a claim under Section 9(a) and Section 10(b), plaintiffs must 'state with particularity facts giving rise to a strong inference that each defendant acted with scienter.'" *Cohen v. Stevanovich*, 722 F. Supp. 2d 416, 428 (S.D.N.Y. 2010) (citing *Edison Fund v. Cogent Inv. Strategies Fund, Ltd*., 551 F. Supp. 2d 210, 228 (S.D.N.Y. 2008); *Crane v. Westinghouse Air Brake Co.*, 419 F. 2d 787, 794 (2d Cir. 1969) ("Sections 9(a)(2) and 9(e) contain requirements of both manipulative motive and willfulness."). "Scienter is a 'mental state embracing intent to deceive, manipulate or defraud.'" *Id.* at 428, quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S.

308, 319, 127 S. Ct. 2499, 168 L. Ed. 179 (2007) (quoting *Ernst & Ernst v. Hochfelder*, 425 U.S., 185 at 193 n. 12, 96 S. Ct. 1375). "In deciding whether the allegations of the [Amended Complaint] give rise to a 'strong inference' of scienter, the Court must consider whether any allegations of scienter are 'cogent and at least as compelling as any opposing inference of nonfraudulent intent.'" *Id*. at 228 quoting *Tellabs*, 551 U.S. at 314, 127 S. Ct. 2499.

Allegations of aiding and abetting Section 10(b), and 17(a)(1) claims are also subject to FRCP Rule 9(b). *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273 at 292 (2d Cir. 2006) (applying Rule 9(b) to claims for aiding and abetting fraud); *Armstrong v. McAlpin*, 699 F.2d 79, 92-93 (2d Cir. 1983) (same). Where claims sound in fraud, the particularity requirements of Rule 9(b) apply. *SEC v. Berry,* 580 F. Supp. 2d 911, 924 (N.D. Cal. 2008) (applying Rule 9(b) pleading requirements to aiding and abetting claims grounded in fraud); *Gonzales v. Lloyds TSB Bank, PLC,* 532 F. Supp. 2d 1200, 1207 (C.D. Cal. 2006) (applying Rule 9(b) to a claim of aiding and abetting breach of fiduciary duty and fraud). "Although scienter may be 'averred generally,' case law amply demonstrates that pleading scienter requires more than a simple allegation that a defendant had a fraudulent intent. To plead scienter adequately, a plaintiff must set forth specific facts that support the inference of fraud." *Tuchman v. DSC Commc'ns*, 14 F.3d 1061, 1068. (5th Cir. 1994).

"Where a particular state of mind is a necessary element of a claim, a plaintiff's pleading of that state of mind must be plausible and supported by factual allegations." *SEC v. Ripple Labs,* 20 Civ. 10832 (AT) (SN) (S.D.N.Y. 2022) (*quoting Biro v. Conde Nast*, 963 F.Supp. 2d 155, 278 (S.D.N.Y. 2013)) (*citing Iqbal*, 556 U.S. at 686-87). Plaintiff's conclusory allegations do not even come close to meeting this standard and thus the Complaint against Capellini should be dismissed.

## V.    THE AIDING AND ABETTING CLAIM AGAINST CAPELLINI FAILS.

Section 104 of the Private Securities Litigation Reform Act of 1995 ("PLSRA") authorizes the SEC to bring an action against parties who aid and abet primary violations of certain provisions of the securities laws, including Section 10(b) and Rule 10b-5 promulgated thereunder.

Section 104 provides:

"For purposes of any action brought by the Commission under paragraph (1) or (3) of Section 78u(d) of this title, any person that *knowingly* provides substantial assistance to another person in violation of a provision of this chapter, or of any rule or regulation issued under this chapter shall be deemed to be in violation of such provision to the same extent as the person to whom such assistance is provided." 15 U.S.C. Section 78(e) (emphasis added).

Congress passed Section 104 to clarify that the SEC retained the authority to bring such actions after the Supreme Court held in *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.,* 511 U.S. 164, 114 S. Ct. 1439, 128 L. Ed. 2d 119 (1994) that there is no private civil liability for aiding and abetting under Section 10(b).

Section 104 does not define "knowingly." Courts applying Section 104 have analyzed the provision considering pre-*Central Bank* aiding and abetting case law. *SEC v. Peretz*, 317 F.2d 58 (2004) (D. Massachusetts); *SEC v. Lybrand*, 200 F. Supp. 2d 384, 399 (S.D.N.Y. 2002). See *SEC v. Fehn,* 97 F.3d 1276 at 1286 (9th Cir. 1996).

In *Cleary v. Perfectune*, 700 F.2d 774 (1st Cir. 1983), the First Circuit established the test whether a defendant is liable as an aider and abettor of a violation of Section 10(b) and 10b-5. The Cleary court held that to establish liability, the SEC must prove:

1.  the commission of a violation of 10(b) or 10b-5.

2.  the defendant's general awareness that his role was part of an overall activity that is improper; and

3.  knowing and substantial assistance of the primary violation by the defendant. *Id* at 777.

9

Citing *Hamsen v. Smith*, 693 F.2d 932, 943 (9th Cir. 1982); *IIT v. Comfeld*, 619 F.2d 909, 922 (2d Cir. 1980); *Woodward v. Metro Bank of Dallas*, 522 F.2d 84, 94-97 (5th Cir. 1975); *SEC v. Coffey*, 493 F.2d 1304, 1316 (6th Cir. 1974), *cert. denied*, 420 U.S. 908 (1975); *Landy v. Federal Deposit Insurance Corp*., 486 F. 2d 139 (3d Cir. 1973). See generally *Ruder*, *Multiple Defendants in Securities Law Fraud Cases: Aiding and Abetting, Conspiracy, In Pari Delicto, Indemnification and Contribution,* 120 U. Pa. L. Rev. 597, 627-38.

### A. The Complaint Fails to allege that Capellini had actual Knowledge of Any Fraudulent Conduct.

To satisfy the actual knowledge prong, the SEC must show that the defendant acted with knowledge of the primary violation and his own role in furthering it. *Ponce v. SEC,* 345 F.3d 722, 737 (9th Cir. 2003); see also *SEC v. Nacchio*, 438 F. Supp. 1266, 1285 (D. Colo. 2006). (SEC must allege facts to establish scienter, "that is, with knowledge or recklessness as to whether the Defendant was aiding or abetting the [primary] violation"). Factual allegations that give rise only to an inference of recklessness are insufficient as a matter of law. *SEC v. Espuelas*, 579 F. Supp ed 461, 484 (S.D.N.Y. 2008) ("[T]he allegations against [defendant] raise a strong inference that [defendant] was reckless. The fact that actual knowledge is the standard for aiding and abetting, however, compels the Court to dismiss the claims…"); *SEC v. Autocorp Equities, Inc*., 292 F. Supp. 2d 1310, 1332 (D. Utah, 2003) (finding that the SEC must establish knowledge or reckless disregard of the fact that the defendant was aiding and abetting a violation of securities law).

The SEC's Complaint fails to meet this high burden. The SEC alleges that Capellini knowingly and recklessly provided substantial assistance to, and thereby aided and abetted RB in his alleged violations of Section 10(b), Rule 10b-5, (9)(a)(2) and 17(a)(1) and (3). The SEC's failure to allege scienter is fatal to these claims. The Complaint fails to allege that Capellini had actual knowledge that RB was allegedly using Capellini's account to manipulate Token stock.

Indeed, the Complaint fails to allege that Capellini had actual knowledge of any fraudulent conduct on the part of any of the defendants. See *Lerner,* 459 F.3d at 292-93 (plaintiff must plead with the particularity required for fraud claims generally).

The standard for pleading "actual knowledge" for a claim of aiding and abetting fraud is more stringent than that for pleading the underlying fraud. See *Iowa Pub. Emp's Ret. Sys. V. Deloitte Touche LLP*, No. 12 Civ. 2136, 2013 WL 245805, at * 19 (S.D.N.Y., Jan. 23, 2013); *In re Agape Litig.*, 773 F. Supp. 2d 298, 308 (E.D.N.Y. 2011) ("While a plaintiff may adequately plead under Rule 9(b) the scienter required to support an underlying fraud claim 'by providing a factual basis which gives rise to a strong inference of fraud, including facts that constitute strong circumstantial evidence of recklessness, [case law] defines knowledge in the context of an aiding and abetting claim as actual knowledge." (Citations omitted). The plaintiff "must allege that the defendant had actual knowledge of the wrongful conduct, not simply that the defendant should have known of the conduct." *Id*. (quotation and citation omitted). See also *Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt.*, 479 F. Supp. 2d 349, 367 (S.D.N.Y. 2007).

The SEC fails to provide any basis from which the Court can strongly infer actual knowledge on the part of Capellini concerning RB's purported fraud. See *Lerner*, 459 F.3d at 293 ("Although the plaintiffs conclusory allege that the banks had actual knowledge, we think they failed to plead facts with the requisite particularity to support that claim.")

Regarding awareness of the role in an improper activity, the Court in *Cleary* noted that courts generally have held in the absence of a duty of disclosure, a defendant should be held liable as an aider and abettor only if the plaintiff proves that the defendant had actual knowledge of the improper activity of the primary violator and of his role in that activity. *Id* at 777, citing *Woodward*

*v. Metro Bank of Dallas,* 922 at 96; *SEC v. Coffey*, 493 F.2d at 1316-17*; IIT v. Comfeld*, 619 F.2d at 923; Ruder, supra, at 630-31.

Where the defendant has a duty to disclose the primary violations, however, courts have been willing to impose liability based on a recklessness standard. *Cleary* at 777, citing *Edwards & Hanly v. Wells Fargo Securities Clearance Corp*., 602 F.2d 478, 484 (2d Cir. 1979), *cert. denied*, 444 U.S. 1045 (1980) or on a lesser showing of actual awareness than is otherwise required, *SEC v. Washington County Utility District*, 676 F.2d 218, 226 (6th Cir. 1982).

Among the situations in which a duty to disclose may arise are where the defendant possesses insider information, *SEC v. Texas Gulf Sulphur Co*., 401 F.2d 833, 848-49 (2d Cir. 1968) (*en banc*) *cert. denied sub nom*; *Coates v. SEC,* 394 U.S. 976, 89 S. Ct. 1454, 22 L. Ed. 2d 756 (1969); where a controlling person consents to and approves the fraudulent practices, *Strong v. France,* 474 F.2d 747, 752 (9th Cir. 1973); or where the law imposes special obligations as for accountants and brokers, *Woodward v. Metro Bank of Dallas*, 522 F. 2d at 96-96. In this case no facts are alleged which would impose a duty of disclosure on Capellini. Under the standard for establishing scienter applicable to one who does not owe a fiduciary duty or a duty of disclosure, the SEC has failed to allege that Capellini knowingly provided substantial assistance to RB's alleged securities fraud or that he acted with conscious disregard of the alleged fraud.

Other courts, post-PLSRA, have required that the SEC allege facts that would suggest that the defendant knowingly participated in the fraudulent activity and that a pleading of recklessness is not sufficient to state a claim of aiding and abetting liability. See, *SEC v. Lucent Technologies, Inc*., 610 F. Supp. 2d 342 (D.N.J. 2009)*. In SEC v. KPMG,* the court rejected the SEC's argument "that Section 20(e) encompasses recklessness in addition to actual knowledge." *SEC v. KPMG,* 03 Civ. 671 (DLC) (S.D.N.Y. Apr. 9, 2003). In *SEC v. Cedrick Kushner Promotions, Inc*., the court

dismissed an SEC claim for aiding and abetting violations of Section 10(b) for failure to allege the correct mental state and rejected the SEC's assertion that recklessness suffices to sustain such claim. The court agreed with the holding in *KPMG* "that knowing misconduct must now be shown: to maintain an aiding and abetting claim for fiduciaries and non-fiduciaries." *See SEC v. Cedric Kushner Promotions, Inc.,* 417 F. Supp. 2d 326 (S.D.N.Y. 2006).

The SEC has not alleged any facts to support an inference that Capellini had any actual awareness of the alleged impropriety of RB's trading of Token stock in Capellini's account. As previously stated, all that is alleged in the Complaint, as to Capellini, is that: (i) long before any of the alleged manipulative trades in Token were made, Capellini provided his brother-in-law, a seasoned securities professional, with access to his account and authorization to make investments on his behalf; and (ii) Capellini paid for purchases made in his brokerage account—something all investors are required to do as a matter of law. The SEC makes the conclusory assertion that the funds Capellini's company received from RB's business entities were "reimbursement" for RB's Token stock transactions but offers no factual allegations to support this claim. The SEC does not allege that Capellini had actual knowledge of: (i) the alleged scheme by Trends, Rossetti, and the Greylings to defraud investors; or (ii) RB's alleged involvement with these defendants in furtherance of this scheme; or (ii) that RB's transactions in Token stock were allegedly made to advance the scheme of Trends, Rossetti, and the Greylings to defraud investors. Nor does the SEC allege that Capellini failed to comply with any lawful duty in connection with the Token stock transactions. Accordingly, the SEC is required to allege that the aider and abettor possessed "actual knowledge" of the fraud, and allegations must be pled with the particularity required for fraud claims generally.

**B.  The SEC's Allegations of Recklessness Are Legally Deficient**

Even if the Court were to accept that allegations of recklessness are sufficient to satisfy the mental state requirement of an aiding and abetting claim in this case, the facts alleged do not reasonably support an inference that Capellini either recklessly disregarded RB's allegedly fraudulent activity or that Capellini's conduct was reckless in any way. Courts have generally defined recklessness in a securities fraud context as "highly unreasonable omission, involving not merely simple, or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and which present a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that actor must have been aware of it." *Allan Harwich*, *The Neglected Relationship of Materiality and Recklessness in Actions under Rule 10b-5*, 55 Bus. Law. 1023, 1024 & n. 10 (2000); *Trust Co. of La. v. N.N.P. Inc.*, 104 F.3d 1478, 1490 (5th Cir. 1997). In the First Circuit, "proving scienter requires 'a showing of either conscious intent to defraud or 'a high degree of recklessness.'" *Flannery v. SEC*, 810 F. 3d 1, 9 (1st Cir. 2015) (quoting *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F. 3d 46, 58 (1st Cir. 2008).

In *Cohen v. Stevanovich*, the Court dismissed a complaint alleging a massive, illegal stock manipulation scheme, in part, because "[p]laintiffs have failed to allege facts supporting a strong inference of conscious wrongdoing or recklessness, i.e., 'deliberate behavior' or conduct that was 'highly unreasonable' and 'an extreme departure from the standards of ordinary care.'" *Cohen v. Stevanovich*, 722 F. Supp. 2d 416 (S.D.N.Y. 2010) (quoting *Novak v. Kasaks*, 216 F. 3d 300 at 308 (2d Cir. 2000); citing *in re Scholastic Corp. Sec. Litig.*, 252 F. 3d 63, 76 (2d. Cir. 2001).

The SEC's Complaint fails to allege facts supporting a strong inference of either conscious wrongdoing or recklessness. Nothing that Capellini is alleged to have done constitutes "highly unreasonable" conduct, nor did he do anything or fail to do anything in connection with the subject

stock transactions that constitute "an extreme departure from the standards of ordinary care." All that Capellini did was permit his very experienced and knowledgeable brother-in-law to make investments in his brokerage account and pay for those purchases, as he was lawfully required to do.

### C.  The SEC Fails to Sufficiently Plead Knowing and Substantial Assistance by Capellini

The Complaint fails to allege that Capellini substantially assisted RB in the perpetration of his supposed fraudulent scheme. Substantial assistance is generally found where a defendant affirmatively assists, helps conceal, or by virtue of failing to act when required to do so enables the fraud to proceed. *Cromer Fin. Ltd. v. Berger*, 137 F. Supp. 2d 452, 470 (S.D.N.Y. 2001) (quotation and citation omitted); *Rosner v. Bank of China,* No. 06 Civ. 13562, 2008 WL 5416380 at *5 (S.D.N.Y. 2008) (quotation and citation omitted), aff'd, 349 Fed. App.637 (2d Cir. 2009).

To satisfy the "substantial assistance" component of the aiding and abetting test, the SEC must demonstrate that the defendant "in some sort associated himself with the venture, that he participated in something he wished to bring about, and that he sought by his action to make it succeed." *SEC v. Apuzzo*, 689 F.3d 204, 206 (2d Cir. 2012); *SEC v. Espuelas*, 905 F. Supp. 2d 507, 525 (S.D.N.Y. 2012). In other words, the complaint must allege that the aider and abettor's conduct was a "substantial causal factor in the perpetration" of the underlying fraud. *SEC v. Zwick,* No. 03 Civ. 2742, 2007 WL 831812 at*16 (S.D.N.Y. 2007).

The SEC alleges that Capellini provided substantial assistance to RB's alleged fraud by providing him access to trade Token stock in his account and by funding his brokerage account to enable RB to make trades in Token stock. These allegations are woefully insufficient; the mere fact that Capellini provided his brother-in-law with authorization to make investment decisions and trades on his behalf, and the fact that Capellini paid for stock purchases RB made in his

account, do not come close to constituting substantial assistance to alleged stock manipulation. This is particularly true when the alleged aider and abettor lacked specific knowledge and awareness that the subject trades were being made for the purpose of manipulating the stock of the securities purchased. The SEC fails to plead with particularity that Capellini knowingly or even recklessly associated himself with the alleged venture of Trends, Rossetti and the Greylings to defraud investors, and RB's alleged participation in that venture, or that Capellini participated in or wished to bring about a manipulation of Token stock for the purpose of defrauding investors. Nor does the SEC plead that by his actions or inaction, Capellini sought to make the alleged fraudulent/manipulative "venture" succeed.

"[M]ere awareness and the approval of the primary violation is insufficient to make out a claim for substantial assistance' and inaction is insufficient 'unless it was designed intentionally to aid the primary violator, or it was in conscious or reckless violation of any duty to act." *SEC v. Baxter,* No. C-05-03843 RMW, 2007 WL 2013958, at *9 (N.D. Cal. 2007)), *quoting SEC v. Treadway*, 430 F. Supp. 2d 293, 339 (S.D.N.Y. 2006). Substantial assistance requires a "significant and active, as well as knowing participation" in the fraud. *Wright v. Schock*, 571 F. Supp. 642, 663 (N.D. Cal. 1983), aff'd, 742 F.2d 541 (9th Cir. 1984). In this case, the SEC fails to allege that Capellini had a duty to act. Of course, as a private investor, Capellini had no such duty.

Courts have read the actual knowledge and substantial assistance requirements as inversely linked. *SEC v. Nacchio*, 614 F. Supp. 2d 1164, 1173-74 (D. Colo. 2009) (the "knowledge" and "substantial assistance" elements of the aiding and abetting test [are linked] in an inverse relationship, such that the more acute a party's knowledge of the ongoing fraudulent scheme, the less substantial the acts constituting substantial assistance need be and vice-versa") citing *Woodward v. Metro Bank of Dallas*, 522 F.2d 84, 96 (5th Cir. 1975). Because the SEC has failed

to allege with specificity that Capellini was involved in the scheme to defraud investors or even know about this scheme and RB's purported role in bringing it about by manipulating Token stock, the allegations in the Complaint are plainly insufficient to state that Capellini intended to assist in the alleged manipulation of Token stock. See *Howard v. SEC*, 376 F.3d 1136, 1142 (D.C. Cir. 2004) (finding that a broker did not aid and abet a securities violation where he did not know that his conduct was part of an overall impropriety); *SEC v. Peretz,* 317 F. Supp 2d 58, 64 (no aiding and abetting liability in absence of proof that defendant knew of fraud and intended to assist it). The specific allegations as to Capellini in the Complaint do not come close to meeting this standard.

Accordingly, the SEC's aiding and abetting claim against Capellini fails as a matter of law. For these reasons, the SEC's claim against Capellini should be dismissed with prejudice.

## VI.    THE COMPLAINT AGAINST CAPELLINI SHOULD BE DISMISSED FOR IMPROPER VENUE UNDER RULE 12(b)(3)

The SEC alleges that venue lies in this Court pursuant to Section 22(a) of the Securities Act and Section 27 of the Securities Exchange Act on the grounds that certain of the acts, practices, transactions and courses of business alleged in the Complaint occurred within the District of Massachusetts: e.g., Trends solicited and received investments from two Massachusetts investors and Rossetti resided in Massachusetts when he offered and sold stock on behalf of Trends.

### A.  Legal Standard

Fed. R. Civ. P. 12(b)(3) allows a party to raise the defense of improper venue by motion. Generally, the standards for deciding a motion to dismiss for improper venue follow those applied to a motion to dismiss for lack of personal jurisdiction. *Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc*. 434 F. Supp. 2d 1051, 1057-58 (D. Kan. 2006). When defendant challenges venue under Rule 12(b)(3), plaintiff bears the burden of making prima facie showing by submitting

affidavits and other written material establishing ghat venue is proper in the forum state. *Id*. see also *M.K.C. Equip Co., Inc. v. M.A.I.L. Code, Inc*. 843 F. Supp. 679, 682-83 (D. Kan. 1994). When considering whether plaintiff has met its venue burden sufficient to survive a motion to dismiss, the court takes as true the uncontroverted allegations in the Complaint and resolves all disputed facts in the light most favorable to plaintiff. *M.K.C. Equip.,* 843 F. Supp. at 682-83. The court, however, need not accept plaintiff's legal conclusions as true. *Thomas v. Potter,* Case No. 1:06cv377 (E.D. Va. Oct. 3, 2006). Once venue is challenged, the plaintiff bears the burden of demonstrating the propriety of venue in the chosen judicial district. *Piedmont Label Co. v. Sun Garden Packing Co.,* 598 F. 2d 491, 496 (9th Cir. 1979). If the court concludes the case is filed in the wrong venue, it "shall dismiss" the case, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. Section 1406(a).

When a plaintiff asserts claims under both the Securities Act and the Exchange Act, the general rule is that the less restrictive jurisdiction and venue provisions contained in Section 27 of the Exchange Act are to be applied. *Hilgeman v. Nat'l Ins. Co. of Am.,* 547 F. 2d 298, 301 n.7 (5th Cir. 1977); *Stern v. Gobeloff*, 332 F. Supp. 909, 911 (D. Md. 1971).

Section 27 of the Exchange Act provides for venue in a district in which "any act or transaction constituting the violation occurred," or in which "the defendant is found or is an inhabitant or transacts business." 15 U.S.C. Section 78aa(a). Section 22 of the Securities Act provides for venue in any district "wherein the defendant is found or is an inhabitant or transacts business, or in the district where the offer of sale took place, **if the defendant participated therein**." (emphasis added).

### B.  Venue in the District Court of Massachusetts is Improper for Capellini

Capellini is a resident of New York, New York. (Compl. Par. 19). Defendant's brokerage and bank accounts, which are the subject of the SEC's claims against Capellini, are also in Manhattan. The Capellini-controlled businesses referenced in the Complaint have their principal place of business in Manhattan and do not conduct business in Massachusetts. The SEC does not allege that Capellini engaged in any of his alleged unlawful conduct in the District of Massachusetts nor does the SEC allege that Capellini had any dealings with Rossetti, or the Massachusetts investors described in the Complaint. The SEC does not allege that Capellini participated in the offer or sale of securities in the State of Massachusetts. Capellini's brother-in-law, the purported primary securities law violator that Capellini allegedly aided and abetted, is also a resident of New York, New York, (Compl. Par. 18), and all of RB's business entities that conducted business with Capellini did so in New York City and not in the District of Massachusetts. In summary, Capellini has absolutely no contact with the District of Massachusetts with respect to any matter relevant to this case. Witnesses and documents relating to Capellini's defense will be found in New York, New York and not in the District of Massachusetts. To compel Capellini to travel to Boston to defend himself against the SEC's charges would cause defendant unreasonable and unwarranted inconvenience and economic hardship.

For these reasons, the case against Capellini should be dismissed. Alternatively, if the court determines that it is in the interest of justice, the case against Capellini should be transferred to the Southern District of New York, where Capellini resides and conducts business: i.e., a district or division in which it could have been brought. 28 U.S.C. Section 1406(a). The "decision of whether to dismiss or transfer lies within the sound discretion of the district court." *Pierce v. Shorty Small's*

*of Branson Inc.,* 137 F.3d 1190, 1191 (10th Cir. 1998); *Citizens for a Better Environment-California v. Union Oil Co. of California*, 861 F. Supp. 889, 898 (N.D. Cal. 1994).

## VII.   CONCLUSION

The SEC's Complaint against Capellini fails to state a claim upon which relief can be granted. In addition, venue in the District of Massachusetts is improper. Accordingly, the Complaint against Capellini should be dismissed. Alternatively, the case against Capellini should be transferred to the Southern District of New York.

Dated: July 28, 2022
      New York, New York

Respectfully submitted,

*/s/ Steven N Fuller*
Steven N Fuller, Esq.
Mass. BBO #550224
Litigation and Compliance
Associates, LLC
2435 Presidential Way, Unit G
West Palm Beach, FL 33401
(617) 620-4732
Steven.Fuller@litcom1.com

AND

*/s/ Thomas J. McCabe*
Thomas J. McCabe, Esq.
Pro Hac Vice Motion Pending
Warren Law Group
14 Penn Plaza, 9th Floor
New York, NY 10122
(917) 597-8221
tmccabe@warren.law

*Attorneys for Defendant*
*Thomas Capellini*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 28, 2022.

Respectfully submitted,

*/s/ Steven N Fuller*
Steven N Fuller, Esq.
Mass. BBO #550224
Litigation and Compliance
Associates, LLC
2435 Presidential Way, Unit G
West Palm Beach, FL 33401
(617) 620-4732
Steven.Fuller@litcom1.com