UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br>　　　　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**TRENDS INVESTMENTS INC., BRANDON ROSSETTI, CLINTON GREYLING, LESLIE GREYLING, ROGER BENDELAC, and THOMAS CAPELLINI,**<br>　　　　　　　　　**Defendants.** | Case No. 1:22-CV-10889-RGS |

## DEFENDANT THOMAS CAPELLINI'S RESPONSE TO THE SEC'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendant Thomas Capellini, by and through undersigned counsel, hereby submits his response to the SEC's Proposed Findings of Fact and Conclusions of Law (Dkt No. 275). Notwithstanding the SEC's 100-page submission—the vast majority of which has nothing to do with Mr. Capellini—and the SEC's 19-page response to Defendants' Proposed Findings, Mr. Capellini will heed the Court's admonition to file only "a **brief** response to the other party's submission." (Dkt. 274 (emphasis in original).).

At the conclusion of a week-long trial in which the SEC failed to elicit a shred of incriminating evidence against Mr. Capellini, the Court shrewdly asked the SEC: "What would your motive be for aiding and abetting a scheme that represented no profit to you?" Tr. Day 4, 58:11-12. One would think that after failing to answer this critical question at trial, the SEC would attempt to provide an answer in their hundreds of proposed findings of fact. But the SEC has offered no suggestion whatsoever as to why Mr. Capellini—who stood to gain *nothing* from the purported scheme, who has never been accused of any serious wrongdoing in his life, and who had

1

a credible and wholly unimpeached explanation for his actions—would aid and abet a securities fraud scheme.

The SEC's continued inability to conjure some illicit motive for Mr. Capellini's actions is especially significant given that Mr. Capellini's *mens rea* is the only factual issue in dispute. As the undersigned counsel told the Court during opening statements, there are no other disputed facts regarding Mr. Capellini's conduct in this case. In June 2019, Mr. Capellini executed a legal rollover of $100,000 from his 401(k) retirement account, which was not a self-directed account, to an IRA, which was self-directed, allowing him to invest that money any way he chose. And he authorized Mr. Bendelac, who had been Mr. Capellini's financial advisor for 30 years (as well as his brother-in-law and business associate), to use those funds to purchase Token stock from Mr. Bendelac. The only issue in dispute is *why* Mr. Capellini authorized Mr. Bendelac to purchase these shares of Token.

As detailed in Mr. Capellini's proposed findings of fact, Mr. Capellini provided the answer at trial. He testified credibly that he authorized Mr. Bendelac to sell Token shares held in Mr. Bendelac's brokerage account and to purchase those shares in Mr. Capellini's self-directed retirement account because this: (a) would create liquidity for Mr. Bendelac, which would enable Mr. Bendelac to reimburse Mr. Capellini for joint business expenses and provide Mr. Capellini with needed liquidity; (b) was a better alternative than having Mr. Capellini withdraw cash from retirement accounts, considering the early withdrawal tax penalties; and (c) allowed Mr. Capellini to own stock of a blockchain-related company that Mr. Capellini considered risky but with long-term promise. Tr. Day 3, 84:5-11; 82:5-8.

After totally failing to impeach Mr. Capellini's testimony at trial, the SEC now asks the Court to discredit all of Mr. Capellini's testimony—in effect, to find that Mr. Capellini perjured

himself in this civil trial—based on citations to evidence which in no way support the SEC's speculative conclusions. For example, the SEC claims that "Bendelac and Capellini made a deliberate choice that Capellini would receive the [Token] stock sale proceeds in a newly created bank account . . . in order to conceal the fact that Capellini would be receiving the proceeds of the Token stock sales." SEC's Proposed Findings, ¶ 294. But none of the evidence cited by the SEC (which Mr. Capellini urges the Court to examine) even tenuously supports the conclusion that Mr. Capellini was trying to conceal anything from anyone, or that there was anything illicit about Mr. Capellini's conduct. The SEC is grasping at straws.

The SEC's inability to discredit Mr. Capellini's testimony is fatal to their case, which explains why they devote a substantial portion of their bloated proposed findings attempting to belatedly impeach him. But even more damning than the SEC's failure to impeach Mr. Capellini is the SEC's failure to identify any evidence at all of Mr. Capellini's liability. As Mr. Capellini highlighted in his proposed findings, there was <u>no</u> trial testimony which even remotely incriminated Mr. Capellini. In fact, the SEC's "star" witness, cooperator Clinton Grelying, testified that Mr. Capellini was <u>not</u> involved in the Trends fraud scheme. Tr. Day 2, 47:11-18, 47:19-48:2. The purported evidence cited in the SEC's proposed findings fares no better. The SEC has identified no evidence at all in their proposed findings which even suggests—much less proves by a preponderance—that Mr. Capellini knowingly or recklessly substantially assisted in committing a violation of the securities laws. Mr. Capellini therefore asks that the Court return the only verdict consistent with the evidence—that Mr. Capellini is not liable of aiding and abetting securities fraud.

Dated: December 20, 2024          Respectfully submitted,

*/s/ Michael B. Homer*   .
Michael B. Homer
Constantine P. Economides
DYNAMIS LLP
225 Franklin Street, 26th Floor
Boston, MA 02110
(617) 693-9732
mhomer@dynamisllp.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2024, a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF system, and that accordingly the document will be sent electronically to counsel for all parties.

*/s/ Michael B. Homer*
Michael B. Homer

4